**U.S. BANKRUPTCY COURT**
**District of South Carolina**

Case Number: **15-05030-jw**

### ORDER AND RULE TO SHOW CAUSE

The relief set forth on the following pages, for a total of 3 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**07/08/2016**



*/s/ John E. Waites*

US Bankruptcy Judge
District of South Carolina

Entered: 07/11/2016

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | C/A No. 15-05030-JW |
| | Chapter 13 |
| James Edward Davis and Brenda Jean Davis, | **ORDER AND RULE TO SHOW CAUSE** |
| Debtor(s). | |

This matter comes before the Court upon the Motion to Enforce Order Requiring Loss Mitigation ("Motion") filed by James Edward Davis and Brenda Jean Davis ("Debtor(s)"), which asserts that Shellpoint Mortgage Servicing ("Mortgage Creditor") has failed to comply with the terms of this Court's Order Requiring Loss Mitigation/Mortgage Modification ("Order"), filed after notice to Mortgage Creditor on July 8, 2016. Upon review of the Motion and finding cause to conduct a hearing, it is therefore,

**ORDERED** that the following parties and counsel shall appear at **9:00 a.m. on July 26, 2016 at the J. Bratton Davis United States Bankruptcy Courthouse, 1100 Laurel Street, Columbia, South Carolina 29201-2423** as follows:

A. Debtor(s) and Debtor(s)' Counsel shall appear to support or address the allegations and causes asserted in the Motion.

B. The representative/employee of Mortgage Creditor who is most knowledgeable regarding Debtor(s)' loan and, if different, the representative/employee most knowledgeable regarding Mortgage Creditor's policies on loss mitigation/mortgage modification and Counsel for Mortgage Creditor shall also appear to support or address the allegations and causes asserted in the Motion..

In the event the Court determines that there is no basis in the Debtor(s) Motion or that the Mortgage Creditor has failed to comply with the Order and the Court's guidelines and that such failure was willful or without just cause, the parties shall show cause, if any, why the party should not be held in contempt and/or have sanctions imposed against it, including payment of opposing counsel's attorney's fees, pursuant to 11 U.S.C. § 105, 28 U.S.C. § 1927, and this Court's inherent authority to regulate litigants before it and to address improper conduct as recognized by the Fourth Circuit Court of Appeals in In re Weiss, 111 F.3d. 1159 (1997) and this Court in In re Grimsley, C/A No. 04-02072-W, slip op. (Bankr. D.S.C. May 26, 2006) and In re Henderson, C/A No. 05-14925-W, slip op. (Bankr. D.S.C. Oct. 4, 2006).

**Debtor(s) shall serve a copy of this Order by First Class U.S. Mail on Mortgage Creditor and its counsel, if known, and any other essential party in interest on or before 5:00 p.m. on July 13, 2016**.  Debtor(s)' Counsel shall file a certificate of service with this Court on or before July 14, 2016.

**AND IT IS SO ORDERED.**